THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET BAKER AND JAMES BAKER,<br><br>      Plaintiffs,<br><br>   v.<br><br>GOLDMAN, SACHS & CO., THE GOLDMAN SACHS GROUP, INC., and THE GOLDMAN, SACHS & CO. L.L.C.,<br><br>      Defendants. | Civil Action No. 09-10053-PBS |

**DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' MOTION FOR LEAVE TO FILE A FURTHER, SUPPLEMENTAL POST-ARGUMENT MEMORANDUM**

The defendants Goldman, Sachs & Co., et al. ("Goldman") respectfully oppose the plaintiffs' motion for leave to file a Supplemental Post-Argument Memorandum. As grounds for their opposition the defendants state as follows:

1. There is no need for further briefing, particularly of the extensive and repetitive nature the plaintiffs propose. In response to a 66-page, 207-paragraph, nine count complaint, Goldman filed a single motion to dismiss that concisely articulated in 22 pages[1] why no claim was stated as a matter of law. The plaintiffs filed both an Opposition *and* a Sur-Reply. If their motion to file a further, post-argument Memorandum is allowed, they will have filed a total of 84 pages, and will have vastly exceeded the extent – but not the scope – of Goldman's briefing.

---

[1] Goldman properly sought and obtained judicial leave to file a brief that exceed the 20-page limit of Rule 7.1(b)(4) by no more than five (5) pages. *See* Order on Docket Entry # 6 (February 25, 2009). We point out that the plaintiffs' motion did not comply with Local Rule 7.1.

2.   Importantly, the proposed Memorandum is not just a legal argument.  It is accompanied by thirteen (13) additional pages of extraneous factual material, including the "Affidavit" of an "investment banker"[2] purporting to offer expert testimony – at the motion to dismiss stage(!) – of the meaning of the word "exclusive."  The "evidence" would not be admissible under any circumstances; is certainly not probative or useful at this point in the proceedings; and self-evidently violates the parol evidence rule.[3]  Moreover, their gratuitous "chronology" of contacts with corporate management and shareholders typical of any transaction does not change the plain words of the engagement letter, which makes clear that Goldman's only client was Dragon alone and that Goldman undertook no duties to anyone else.

3.  Insofar as legal argument is offered, the proposed Memorandum rehashes topics that were fully developed in prior briefing and at oral argument, or else attempts to retract concessions made in prior briefs and at argument.  The plaintiffs have had ample opportunity to defend their complaint, and their shifting and inconsistent positions simply underscore their inability to advance a "plausible" legal theory of Goldman's liability to them.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

4.  Accordingly, leave should be denied.  After nine years of fruitless litigation against 29 other defendants, the attempt at further briefing – like their case against Goldman – is a strategy of last resort.  If for any reason the Supplemental Memorandum is permitted to be filed, Goldman respectfully requests the opportunity to *briefly* respond.

---

[2]   Mr. Miller is anything but an "investment banker."  Although the Affidavit says his resume is attached, it is not.  Insofar as the document hints that he now works as a banker, it is betrayed by the single phrase that "since 1983" he has devoted "increasing work in litigation support."  Mr. Miller is well-known for primarily supplying testimony for plaintiffs' law firms, often of doubtful "expertise."  *See, e.g., In re PolyMedica Corp. Sec. Litig.*, 453 F. Supp. 2d 260, 270 (D. Mass. 2006) (Young, J.) (discrediting Mr. Miller).

[3]   *See, e.g., Shabazz v. Cole*, 69 F. Supp. 2d 177, 185 (D. Mass. 1999) ("On a motion to dismiss under Rule 12(b)(6) . . . it is improper to consider documents not attached to the complaint or expressly incorporated therein.  None of the narrow exceptions to this rule permit consideration of [plaintiff's] affidavit or the affidavits filed in opposition to the . . . motion to dismiss.").

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ John D. Donovan, Jr.<br>John D. Donovan, Jr. (BBO# 130950)<br>Annmarie A. Tenn (BBO# 658789)<br>Matthew L. McGinnis (BBO# 666120)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, MA 02110-2624<br>Telephone: (617) 951-7000<br>Fax: (617) 951-7050 |
| Of Counsel:<br>Paul Vizcarrondo, Jr.<br>Won S. Shin<br>Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, New York 10019 | john.donovan@ropesgray.com<br>annmarie.tenn@ropesgray.com<br>matthew.mcginnis@ropesgray.com<br><br>*Counsel for Goldman, Sachs & Co., The Goldman Sachs Group, Inc. and The Goldman, Sachs & Co. L.L.C.* |
| June 16, 2009 |  |

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 16, 2009.

/s/ John D. Donovan, Jr.
John D. Donovan, Jr.